1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9   Jay Lynn Pember,                    )   No. CV-11-2332-PHX-SMM (LOA)
                                        )
10              Plaintiff,              )   **REPORT AND RECOMMENDATION**
                                        )   **AND ORDER**
11  vs.                                 )
                                        )
12                                      )
    Charles L. Ryan, et al.,            )
13                                      )
                Defendants.             )
14                                      )
    _____)

15          This action is before the Court on Plaintiff's Motion to Dismiss Defendant Payne and

16  Waive Service of Defendant Matthew A. Musson or Order His Current Location. (Doc. 52)

17  Defendants have filed a Response opposing the relief requested regarding Defendant

18  Musson. (Doc. 55)  Plaintiff has not filed a reply and the time to do so has expired. *See* Rule

19  6(a), Fed.R.Civ.P., and Rule of Practice for the District Court of Arizona ("Local Rule" or

20  "LRCiv") 7.2(d) (providing that a reply, if filed, must be submitted no later than seven days

21  plus 3 days for mailing after service of the response). Also pending is Plaintiff's Response

22  to Order to Show Cause Regarding Defendant Musson. (Doc. 56)

23  **I. Background**

24          Plaintiff commenced this action on November 28, 2011 by filing a Civil Rights

25  Complaint by a Prisoner pursuant to 42 U.S.C. § 1983. (Doc. 1)  On June 26, 2011, the case

26  was referred to the Court's Prisoner Early Mediation Pilot Program, but it was withdrawn

27  from the program on September 30, 2012. (Docs. 7, 11) Plaintiff filed a First Amended

28  Complaint on February 13, 2013. (Doc. 18)  Plaintiff asserts deliberate indifference to his

serious medical needs in violation of the Eighth Amendment based on allegations he received inadequate medical care for injuries to his neck resulting from a prison official stepping on it during a prison riot in 2004. (Doc. 18 at 11-15)  In addition, Plaintiff alleges a violation of the Due Process Clause based on his confinement for almost four years in the Browning Supermax Unit of the Arizona Department of Corrections ("ADOC"). (Doc. 18 at 15-23)

On April 5, 2013, the assigned District Judge screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered service upon Defendants Baird, Crabtree, Facility Health Administrator John Doe, Payne, Ford, Daniels, Wood, Ramos, Freeland and Heet. (Doc. 19)  On August 5, 2013, an Answer was filed on behalf of Defendants Crabtree, Daniels, Ford, Freeland, Heet, Ramos and Wood. (Doc. 34)  On August 22, 2013, Defendant Baird joined the Answer. (Doc. 36)

On September 11, 2013, the undersigned Magistrate Judge granted a motion by Plaintiff in which he requested assistance with a service address for Defendant Payne and an extension of the service deadline. (Doc. 37) Defendants were directed to provide a current work address for Payne or, if he was no longer employed by ADOC, a last known home address, but file it under seal. (*Id.*)  Defendants provided Payne's last known home address, under seal, but on November 19, 2013, the United States Marshals Service (the "Marshal") filed a Process Receipt and Return, stating Defendant Payne no longer lives at that address. (Doc. 49)

Regarding Defendant Matthew Musson, on July 8, 2013, the Court granted Plaintiff leave to substitute Defendant Musson for Facility Health Administrator John Doe and directed the Clerk of Court to issue a new service packet for Plaintiff to complete and return. (Doc. 29)  In addition to granting Plaintiff leave to substitute Defendant Musson, the Court's July 8, 2013 Order stated, in part:

> If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant Musson within 120 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant Musson. Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(Doc. 29 at 3)

On September 26, 2013, more than 60 days after the July 8, 2013 Order, and more than 120 days after the First Amended Complaint was filed, the Marshal filed a Process Receipt and Return, stating Defendant Musson is on military leave and is no longer at the ADOC address Plaintiff provided. (Doc. 41)  Plaintiff then filed a Motion Requesting the Court's Assistance in Locating Defendant for Service. (Doc. 42) In the Order denying that motion, the undersigned explained, "The Court has no knowledge of where Defendant Musson may be performing his military duties and it is not the Court's responsibility or role to find out." (Doc. 51 at 4)

In light of Plaintiff's inability to serve Defendants Payne and Musson, this Magistrate Judge issued an Order to Show Cause, directing Plaintiff to show cause why these two Defendants should not be dismissed without prejudice for failure to serve pursuant to Fed.R.Civ.P. 4(m) and LRCiv 16.2(b)(2)(B)(i). (Doc. 51)  Plaintiff then filed the instant Motion to Dismiss Defendant Payne and Waive Service of Defendant Matthew A. Musson or Order His Current Location. (Doc. 52)  Shortly thereafter, he also filed a Response to Order to Show Cause Regarding Defendant Musson. (Doc. 56)

**II. Discussion**

**A. Dismissal of Defendant Payne**

Plaintiff's first request in the instant motion is to voluntarily dismiss Defendant Payne. As explained above, Plaintiff, with the assistance of the Marshal, has been unable to serve Defendant Payne because he is no longer at the last known home address provided by ADOC. Pursuant to Plaintiff's request, the undersigned will recommend that Defendant Payne be dismissed without prejudice.

**B. Request to Waive Service or Order Defendants to Determine Location**

Plaintiff next requests that the Court order Defendants' counsel to accept service on behalf of Defendant Musson. Alternatively, Plaintiff asks that Defendants be ordered to provide a current address for Defendant Musson so he can be served. Plaintiff explains in his motion how important Defendant Musson is to his case. He insists that, although Defendant

1   Musson is on military leave, "it is clearly evident that defendants and counsel know of [his]

2   current location." (Doc. 52 at 2)  Plaintiff offers no factual support for this assertion.

3          Defendants argue in their Response that this contention by Plaintiff is "sheer

4   conjecture" and unsupported by any evidence. (Doc. 55 at 1) Defendants' counsel asserts he

5   does not have information regarding Defendant Musson's whereabouts. Moreover, counsel

6   states he is not legally authorized to accept service on behalf of Defendant Musson or file an

7   appearance on his behalf.  Defendants argue they have provided all the information the Court

8   has ordered for the purpose of assisting Plaintiff with service of Defendant Musson. They

9   request that Plaintiff's motion be denied.

10         With regard to Plaintiff's request that the Court order Defendants' counsel to accept

11  service on behalf of Defendant Musson, Plaintiff provides no legal authority, and this

12  Magistrate Judge is aware of none, to impose such an order. This request will be denied.

13         With regard to Plaintiff's request that the Court order Defendants to provide

14  Defendant Musson's location while he is on military leave, that too will be denied. As noted

15  above, this Magistrate Judge previously denied a similar motion by Plaintiff for further

16  assistance in locating Defendant Musson and Plaintiff has presented no basis for the Court

17  to reconsider that decision. *See Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351

18  (D. Ariz. 1995) (holding that "[r]econsideration is appropriate if the district court (1) is

19  presented with newly discovered evidence, (2) committed clear error or the initial decision

20  was manifestly unjust, or (3) if there is an intervening change in controlling law.")

21         Counsel for Defendants represents he has no information regarding a service address

22  for Defendant Musson while he is on military leave. Plaintiff presents nothing beyond his

23  own speculation to demonstrate otherwise. This Magistrate Judge finds no basis to order

24  Defendants to do anything more to assist Plaintiff with service of Defendant Musson.

25  Moreover, this case should not be delayed any further for what is likely to be a futile effort

26  to obtain an address for Defendant Musson.[1]  For these reasons, Plaintiff's motion for further

27  _____

28         [1] As noted, this action was initially filed on November 28, 2011, well over two years
    ago. (Doc. 1)  Granting Plaintiff's motion would only add more delay and expense in

1    assistance with service of Defendant Musson will be denied.

2    **C. Response to Order to Show Cause Regarding Defendant Musson**

3        Plaintiff contends in his show cause response that he has made reasonable efforts to

4    serve Defendant Musson. As a result, Plaintiff claims he is entitled to another enlargement

5    of time to effect service. Plaintiff argues Defendant Musson's military-leave status

6    constitutes good cause for the failure to serve him, thus supporting an extension of time

7    under Fed.R.Civ.P. 4(m). He claims, therefore, Defendant Musson should not be dismissed.

8        Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served

9    within 120 days after the complaint is filed, the court - on motion or on its own after notice

10   to the plaintiff - must dismiss the action without prejudice as to that defendant or order that

11   service be made in a specified time."  The rule further provides that "if the plaintiff shows

12   good cause for the failure, the court must extend the time for service for an appropriate

13   period." *Id.* "District courts have broad discretion to extend time for service under Rule

14   4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). That discretion, however, is

15   not limitless. *Id.* Dismissal of a party is appropriate where a plaintiff fails to show good cause

16   for delays in service.  *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("Courts have

17   discretion under Rule 4(m), absent a showing of good cause, to extend the time for service

18   or to dismiss the action without prejudice."); *Townsel v. Contra Costa County, Cal.*, 820 F.2d

19   319, 320 (9th Cir. 1987) (affirming dismissal of complaint where plaintiff could not show

20   good cause for failure to serve summons and complaint within 120-day period).

21       When a plaintiff is proceeding *in forma pauperis*, the Marshal, upon order of a district

22   court, shall serve the summons and the complaint. Fed.R.Civ.P. 4(c)(3). "'[A]n incarcerated

23   *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for

24   service of the summons and complaint and . . . should not be penalized by having his action

25   dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to

26

27   _____

28   reaching the merits of Plaintiff's claims and would be inconsistent with Rule 1, Fed.R.Civ.P.
     ("These rules . . . shall be construed and administered to secure the *just, speedy, and*
     *inexpensive* determination of every action.") (emphasis added).

perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the Marshal's failure to effect service is 'automatically good cause'" to extend the time to serve process. *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). Nevertheless, when a prisoner fails to provide the Marshal with the information necessary to lawfully effect service of the summons and complaint, the district court may dismiss an unserved defendant. *Id*. at 1421-22.

Here, this Magistrate Judge granted Plaintiff's motion to substitute Defendant Musson in place of "John/Jane Doe" on July 8, 2013. (Doc. 29)  Petitioner had sixty days from that date to serve Defendant Musson. *See* LRCiv 16.2(b)(2)(B)(i) (providing that the maximum date to effect service in a prisoner civil rights action is established by the time limits in Rule 4 of the Federal Rules of Civil Procedure or sixty days from the service order, whichever is later). Thus, the service deadline for Defendant Musson was September 6, 2013. As explained above, the Marshal filed a Process Receipt and Return on September 26, 2013, indicating Defendant Musson is on military leave and is no longer at the ADOC address Plaintiff provided. (Doc. 41)  The Marshal's failure to file the Process Receipt and Return within the sixty-day deadline constitutes good cause for a twenty-day extension of the service period until September 26, 2013.  This Magistrate Judge finds Plaintiff has not shown good cause for further extensions of the service deadline. It is sheer speculation when and if Defendant Musson will ever return to Arizona.

Counsel for Defendants has represented he has no knowledge of a service address for Defendant Musson while he is on military leave. Moreover, Plaintiff has presented no authority, and this Magistrate Judge is aware of none, requiring good cause extensions to be granted indefinitely until Defendant Musson returns from military leave. By failing to provide the Marshal with a current and proper service address to serve Defendant Musson, Plaintiff has exceeded the reasonable time allowed for service of process under Fed.R.Civ.P. 4(m) and LRCiv 16.2(b)(2)(B)(i). Moreover, it is unfair to the other Defendants in this action

1   to indefinitely delay the resolution of this action and their opportunity to clear themselves of

2   any inappropriate conduct on the speculation that Plaintiff will eventually locate and serve

3   Defendant Musson. Plaintiff has failed to show good cause why Defendant Musson should

4   not be dismissed for failure to serve process as required by Rule 4(m). Consequently, the

5   undersigned will recommend Defendant Musson be dismissed from this action without

6   prejudice.

7          For the foregoing reasons,

8          **IT IS RECOMMENDED** that pursuant to Plaintiff's motion for voluntary dismissal,

9   Defendant Payne be **DISMISSED without prejudice**.

10         **IT IS FURTHER RECOMMENDED** that Defendant Musson be **DISMISSED**

11  **without prejudice** for failure to serve within the time limits provided in Fed.R.Civ.P. 4(m)

12  and LRCiv 16.2(b)(2)(B)(i).

13         This recommendation is not an order that is immediately appealable to the Ninth

14  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

15  Appellate Procedure, must not be filed until entry of the District Court's judgment. The

16  parties have 14 days from the date of service of a copy of this recommendation within which

17  to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.

18  6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the

19  objections. Failure to timely file objections to the Magistrate Judge's Report and

20  Recommendation may result in the acceptance of the Report and Recommendation by the

21  district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

22  (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

23  undersigned Magistrate Judge will be considered a waiver of a party's right to appellate

24  review of the findings of fact in an order of judgement entered pursuant to the Magistrate

25  Judge's recommendation. *See* Fed.R.Civ.P. 72.

26         Additionally,

27         **IT IS ORDERED** that Plaintiff's Motion to Waive Service of Defendant Matthew

28  ///

1   A. Musson or Order His Current Location, doc. 52, is **DENIED**.

2        Dated this 24th day of February, 2014.

3

4

5                                         Lawrence O. Anderson
                                          United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28