**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Lynn Pember,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Defendants. | No. CV-11-2332-PHX-SMM (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to Re-File Second Amended and Supplemental Complaint to Correct Error, filed February 7, 2014.[1] (Doc. 59) Defendants have not filed a response.

Plaintiff commenced this civil rights action on November 28, 2011 by filing a Civil Rights Complaint by a Prisoner pursuant to 42 U.S.C. § 1983. (Doc. 1) On June 26, 2011, the case was referred to the Court's Prisoner Early Mediation Pilot Program, but it was withdrawn from the program on September 30, 2012. (Docs. 7, 11) Plaintiff filed a First Amended Complaint on February 13, 2013. (Doc. 18) Plaintiff asserts deliberate indifference to his serious medical needs in violation of the Eighth Amendment based on allegations he received

---

[1] On January 16, 2014, Plaintiff filed a Motion for Leave to File Combined Amended and Supplemental Complaint (i.e., a motion to amend the First Amended Complaint). (Doc. 58) With the more recent filing on February 7, doc. 59, Plaintiff included a letter to the Clerk of Court asking that it replace the previous filing, doc. 58. The Clerk of Court, therefore, properly identified doc. 59 as an amended motion for leave to amend the First Amended Complaint, thereby superseding the previous filing.

inadequate medical care for injuries to his neck resulting from a prison official stepping on it during a prison riot in 2004. (Doc. 18 at 11-15) In addition, Plaintiff alleges a violation of the Due Process Clause based on his confinement for almost four years in the Browning Supermax Unit of the Arizona Department of Corrections ("ADOC"). (Doc. 18 at 15-23)

In the instant motion, Plaintiff seeks leave to amend the First Amended Complaint. Attached to the motion is a proposed Second Amended Complaint and Supplemental Complaint. (Doc. 59)

Rule 15.1(a) of the Local Rules of Civil Procedure ("LRCiv"), which governs the amendment of pleadings by motion, provides in pertinent part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the test to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a).

Here, although Plaintiff has attached a proposed Second Amended Complaint to the motion, the proposed pleading does not comply with the requirements of Rule 15.1(a). The proposed amended pleading fails to "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15(a). Nothing in the proposed amended pleading appears to be bracketed, struck through or underlined. Thus, it is not clear to the Court what changes Plaintiff is proposing from the First Amended Complaint.

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). The District Court of Arizona routinely denies amendment motions for failure to comply with LRCiv 15(a). *See e.g., Bivins v. Ryan*, 2013 WL 321847, *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc.*, 2012 WL

1957832, *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011). "Anyone appearing before the court is bound by these Local Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1).

Additionally, Plaintiff's amended motion for leave to amend was filed after the deadline set forth in the scheduling and discovery order. (Doc. 38) When a party seeks leave to amend a complaint after a pretrial scheduling order has been entered pursuant to Rule 16(b)(1), Fed.R.Civ.P., and after the designated deadline for amending pleadings has passed, the party must first make a showing of "good cause" under Rule 16(b)(4).[2] *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.") (citation and internal quotation marks omitted). When seeking leave to amend after the deadline imposed by the scheduling order, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 965, 952 (9th Cir. 2006) (emphasis in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to impose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

For purposes of Federal Rule of Civil Procedure 16(b)(4), "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Id.* (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the

---

[2] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule [established pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent."

motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Moreover, a district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the order has been made. *See Johnson*, 975 F.2d at 608-09 (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)) (concluding that district courts may deny as untimely a motion filed after the motion cut-off date established in the scheduling order where no request to modify the order has been made).

Here, because the scheduling order established a January 17, 2014 deadline for seeking leave to amend a pleading, doc. 38 at 2, Plaintiff's untimely request to amend the First Amended Complaint is governed by the "good cause" standard in Rule 16(b)(4). Plaintiff fails to acknowledge in his motion that the deadline in the scheduling order has passed. He presents nothing to establish good cause for the untimely motion.

In view of Plaintiff's failure to comply with LRCiv 15.1(a), and based on his failure to show good cause for the untimely request to amend, the Court will deny the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Re-File Second Amended and Supplemental Complaint to Correct Error, doc. 59, is **DENIED**.

DATED this 24th day of March, 2014.

Lawrence O. Anderson
United States Magistrate Judge