**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Lynn Pember,          ) | No. CV-11-2332-PHX-SMM (LOA) |
|                           ) | |
|    Plaintiff,             ) | **ORDER** |
|                           ) | |
| vs.                       ) | |
|                           ) | |
| Charles L. Ryan, et al.,  ) | |
|                           ) | |
|    Defendants.            ) | |
|                           ) | |

      This matter is before the Court on Plaintiff's Motion to Modify Deadlines and Plaintiff's Motion to Compel Discovery. (Docs. 66-67) Defendants have not filed a response.

      Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on November 28, 2011. (Doc. 1) He subsequently filed a First Amended Complaint on February 13, 2013. (Doc. 18)  In Count One, Plaintiff asserts deliberate indifference to his serious medical needs in violation of the Eighth Amendment based on allegations he received inadequate medical care for injuries to his neck resulting from a prison official stepping on it during a prison riot in 2004. (Doc. 18 at 11-15) Plaintiff alleges in Count Two a violation of the Due Process Clause based on his confinement for almost four years in the Browning Supermax Unit. (Doc. 18 at 15-23) The assigned District Judge screened the First Amended Complaint on April 5, 2013, and directed ten named defendants to answer Counts One and Two. (Doc. 19 at 12)

      In his motion to modify the deadlines, Plaintiff asks the Court to refer to his motion to compel which, he contends, demonstrates good cause to extend the scheduling order

deadlines. (Doc. 66) Because the motion to modify deadlines contains no discussion of the reasons Plaintiff is seeking the modifications, the Court will consider Plaintiff's request to modify the deadlines in conjunction with the motion to compel.

In the motion to compel, Plaintiff states he served requests for production of documents and interrogatories on several defendants on January 14, 2014. (Doc. 67 at 2-3) After thirty days passed without any responses, Plaintiff wrote a letter to Defendants' counsel. He wrote another letter after sixty days passed and a third letter after ninety days passed. One week after sending the third letter, Plaintiff received a response from Defendants' counsel, which Plaintiff attaches to the motion to compel. (Doc. 67, Exh. E) Defendants' counsel states in the letter that no responses to Plaintiff's discovery requests were provided because the requests were sent almost a month-and-a-half after the December 2, 2013 deadline for discovery requests. (*Id.*) Plaintiff contends he has made several attempts to resolve this alleged dispute by writing letters to Defendants' counsel and "by filing several motions to extend trial management deadlines. . . ." (Doc. 67 at 3)

The Court docket shows Plaintiff filed one previous motion to extend deadlines on November 26, 2013, in which he requested a blanket extension of all the deadlines in the scheduling order, doc. 38, issued on September 23, 2013. (Doc. 53) Plaintiff sought the extensions because he was transferred to a lockdown facility on August 22, 2013 and all his property, including legal materials, was confiscated. (Doc. 53 at 1-2) Plaintiff acknowledged, however, that he received "most of his legal box back on September 18, 2013." (*Id.* at 2) Although Plaintiff also stated some of his legal materials were still missing, he did not indicate whether any of the missing materials had anything to do with this case.

The Court, therefore, denied the motion because Plaintiff failed "to explain how the confiscation of his legal materials until September 18, 2013 [made] it 'impossible' for him to comply with the deadlines in the scheduling order," as he claimed. (Doc. 60 at 2) The Court further explained that Plaintiff failed "to identify any documents that were not returned to him or explain how the failure to return certain documents has prevented him from complying with the scheduling order." (*Id.*)

The primary argument of Plaintiff's motion to compel, despite the title given to it by Plaintiff, is to again re-urge an extension of the deadlines in the scheduling order. A scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). For purposes of this rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Here, Plaintiff presents many of the same arguments he presented in his prior motion to extend the scheduling order deadlines. As before, Plaintiff fails to demonstrate he could not meet the deadlines despite acting diligently. For example, as noted above, Plaintiff's previous motion to extend the deadlines was filed on November 26, 2013, approximately one week before the discovery request deadline. Plaintiff fails to show why he could not have completed and served his discovery requests at that time rather than waiting until January 14, 2014. Plaintiff claims he was submitting administrative grievances to challenge his transfers and to get all of his property back. He fails to show, however, that he could not also have complied with the scheduling order deadlines. For these reasons, the Court finds Plaintiff has failed to show good cause to modify the deadlines in the scheduling order. His motions will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Modify Deadlines, doc. 66, and Plaintiff's Motion to Compel Discovery, doc. 67, are **DENIED**.

DATED this 24th day of June, 2014.

Lawrence O. Anderson
United States Magistrate Judge