**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Jay Lynn Pember, | ) | No. CV-11-2332-PHX-SMM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF DECISION AND** |
| | ) | **ORDER** |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

There are two motions pending before the Court, Plaintiff Jay Lynn Pember's ("Plaintiff") Motion for Extension of Time to Serve Defendant Matthew A. Musson ("Musson") (Doc. 64) and a Report and Recommendation issued by Magistrate Judge Anderson (Doc. 61).[1]

## BACKGROUND

On November 28, 2011, Plaintiff commenced this matter by filing a Prisoner's Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On June 26, 2012 the case was referred to the Court's Prisoner Early Mediation Pilot Program, but it was withdrawn from the program on September 30, 2012. (Docs. 7, 11.) On February 13, 2013, Plaintiff filed the First Amended Complaint in which he asserts two claims. (Doc. 18.) First, Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth Amendment based on the allegations that he received inadequate medical care for injuries he suffered to his neck

---

[1] This case was reassigned to Magistrate Judge James F. Metcalf on June 30, 2014. (Doc. 72.)

1    when a prison official stepped on it during a prison riot in 2004. (Id. at 11-15.) Second,

2    Plaintiff alleges that his confinement for almost four years in the Browning Supermax Unit

3    of the Arizona Department of Corrections ("ADOC") is a violation of the Due Process

4    Clause. (Id. at 15-22.)

5          On April 5, 2013, the district judge screened Plaintiff's First Amended Complaint

6    pursuant to 28 U.S.C. § 1915A(a) and ordered service upon Defendants Baird, Stacey

7    Crabtree, Danels, Ford, Freeland, Heet, Al Ramos and Wood (collectively "Defendants"),

8    including Defendant Payne and Facility Health Administrator John Doe. (Doc. 19.) Facility

9    Health Administrator John Doe was later dismissed from the case. Service to Defendant

10   Payne was returned unexecuted. (Doc. 21.) The Process Receipt and Return indicated that

11   Defendant Payne no longer worked with the ADOC and a forwarding address was not

12   available. (Id.) Consequently, on August 2, 2013, Plaintiff filed a motion requesting Court's

13   assistance in locating Defendant Payne (Doc. 33) which the Court granted (Doc. 37). The

14   Court directed Defendants to provide a current work address for Defendant Payne or, if he

15   was no longer employed by ADOC, a last known home address, to be filed under seal. (Id.)

16   Defendants provided Defendant Payne's last known home address under seal, however on

17   November 19, 2013, the United States Marshals Service ("Marshals") filed a Process Receipt

18   and Return stating that Defendant Payne no longer lived at that address. (Doc. 49.)

19         With regard to Defendant Musson, on May 23, 2013, Plaintiff filed a Motion to

20   substitute Defendant Musson for Defendant John Doe in Plaintiff's Eight Amendment claim.

21   (Doc. 20.) The magistrate judge granted this Motion on July 8, 2013, and ordered service

22   upon Defendant Musson (Doc. 29.) In the Order, the Court warned Plaintiff that "if Plaintiff

23   does not either obtain a waiver of service of the summons or complete service of the

24   Summons and First Amended Complaint on Defendant Musson within 120 days of the filing

25   of the First Amended Complaint or within 60 days of the filing of this Order, whichever is

26   later, the action may be dismissed as to Defendant Musson." (Id. at 3.)

27         On September 26, 2013, more than 60 days after the Court's July 8, 2013 Order, and

28   more than 120 days after the First Amended Complaint was filed, the Marshals filed a

1   Process Receipt and Return stating that Defendant Musson is on military leave and is no

2   longer at the address Plaintiff provided. (Doc. 41.) Plaintiff then filed a Motion requesting

3   the Court's Assistance in Locating Defendant Musson for Service. (Doc. 42.) The Court

4   denied Plaintiff's Motion and ordered Plaintiff to show cause why Defendant Payne and

5   Defendant Musson should not be dismissed without prejudice for failure to serve pursuant

6   to Rule 4(m) of the Federal Rules of Civil Procedure and Rule16.2(b)(2)(B)(i) of the Local

7   Rules of Civil Procedure. (Doc. 51.) Plaintiff then filed a Motion to Dismiss Defendant

8   Payne and Waive Service of Defendant Musson. (Doc. 52.) Plaintiff also filed his Response

9   to the Order to Show Cause. (Doc. 56.)

10         On February 24, 2014, the magistrate judge filed a Report and Recommendation with

11   this Court recommending dismissal of Defendant Payne pursuant to Plaintiff's Motion to

12   Dismiss Defendant Payne and Waive Service of Defendant Musson, and dismissal of

13   Defendant Musson for failure to serve within the time limits of Rule 4(m) of the Federal Rule

14   of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure. (Doc.

15   61.) Between September 26, 2013, when service to Defendant Musson returned unexecuted

16   and February 24, 2014, when the magistrate judge issued the Report and Recommendation,

17   Plaintiff did not take any additional steps to ascertain Defendant Musson's address. Instead,

18   he asked the Court to assist him in locating Defendant Musson, but the Court denied

19   Plaintiff's request. (Doc. 42.) However, after the Report and Recommendation was issued,

20   Plaintiff started writing letters to prison authorities enquiring about Defendant Musson's

21   whereabouts. (Doc. 64 at 5-8.)

22         On March 10, 2014, Plaintiff received a response stating that Defendant Musson was

23   back from military leave. (Doc. 64 at 8.) On March 10, 2014, Plaintiff filed his Objections

24   to the Report and Recommendation. (Doc. 62.) Further, based on the information that

25   Defendant Musson is back from military leave, on March 21, 2014, Plaintiff filed a Motion

26   for Extension of Time to Serve Defendant Musson Who has Returned From Military Leave.

27   (Doc. 64.)

28   / / /

**STANDARD OF REVIEW**

**I.      Report and Recommendation**

When reviewing a magistrate judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

**II.     Extension of Time for Service**

In cases involving plaintiffs proceeding in *forma pauperis*, the Marshals, upon order of the Court, are authorized to serve the summons and the complaint. See 28 U.S.C. § 1915(c); see also Boudette v. Barnett, 923 F.2d 754, 757 (9th Cir. 1991). A pro se plaintiff proceeding in *forma pauperis* is entitled to rely on the Marshals for service, and such plaintiff's action should not be dismissed for failure to effect service because of the Marshals failure to perform their duties. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). However, it remains Plaintiffs' responsibility to provide the Marshals with accurate and sufficient information to effect service. Allen v. Commissioner of Arizona State Prison, No. CV–13–08048–PHX–GMS, 2014 WL 2435685, at *3 (D. Ariz. May 30, 2014); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by, Sandin v. Conner, 515 U.S. 472 (1995).

The Court is not required to act as an investigative body in ascertaining a correct address for Defendant. Allen, 2014 WL 2435685, at *3. In Allen, this Court concluded that "neither the [Marshals] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." Id. The U.S. Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). As an impartial decision maker, it is not a federal judges' role or responsibility to track down a defendants' address so a plaintiff may serve process. This degree of involvement "would

undermine [trial] judges role as impartial decisionmakers." Id.

Further, the Local Rules of Civil Procedure that govern prisoner civil rights suits provide that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." LRCiv 16.2(b)(2)(B)(i). The Federal Rules of Civil Procedure require that service be completed within 120 days of the date the complaint was filed. Fed.R.Civ.P. 4(m). "If a defendant is not served within 120 days after the complaint is filed the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id.

In deciding whether to dismiss a case or extend the time period for service under Rule 4(m), the court employs a two-step analysis. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). First, if there is a showing of good cause for the delay, the court must extend the time period. Id. Second, if there is no showing of good cause, the court has discretion to either dismiss without prejudice or extend the time period. Id.

### A.    Mandatory Extension of Time

"Good cause to avoid dismissal may be demonstrated by establishing, *at minimum,* excusable neglect." Trueman v. Johnson, No. CIV 09-2179-PHX-RCB(DKD), 2011 WL 6721327, at *3 (D. Ariz. Dec. 21, 2011) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009)). To determine whether the plaintiff's failure to serve constitutes "excusable neglect," the court should examine the following factors: (1) the danger of prejudice to the defendant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id. at *6.

"In some instances, excusable neglect alone may be sufficient to establish good cause." Vertin v. Goddard, No. CV-11-01167-PHX-GMS, 2013 WL 1932810, at *2 (D. Ariz. May 8, 2013). However, depending on the circumstances, courts ordinarily find that "excusable neglect" is a  necessary but not a sufficient condition for finding "good cause." Id. (holding that if a court finds that the plaintiff has established excusable neglect, but failed

1  to show good cause, the court may dismiss the claim); see also, Golf Savings Bank v. Walsh,

2  CV No.09-973-AC, 2010 WL 3222112, at *3 (D. Or. Aug. 13, 2010). Courts consider three

3  factors in addition to excusable neglect, to determine whether good cause exists. Id. "These

4  factors include whether: (a) the party to be served received actual notice of the lawsuit; (b)

5  the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his

6  complaint were dismissed." Id. (quoting Boudette, 923 F.2d at 756).

7      **B.    Discretionary Extension of Time**

8      "In the absence of good cause, the court must proceed to the second step of the

9  analysis, and decide whether, in its discretion, it should extend the prescribed time for service

10 . . . ." Trueman, 2011 WL 6721327, at *5. "The Ninth Circuit has declined to "articulate a

11 specific test that a court must apply in exercising its discretion under Rule 4(m)," noting

12 "that, under the terms of the rule, the courts' discretion is broad." Id. (quoting Gill v. Waikiki

13 Lanai, Inc., No. CV. 10-00557 LEK-RLP, 2011 WL 3648772, at *7 (D. Haw. Aug. 18,

14 2011)). However, the court's discretion is not limitless, rather it is guided by the excusable

15 neglect standard. Id.; accord Lemonge, 587 F.3d at 1198 ("[I]f good cause is not established,

16 the district court may extend time for service upon a showing of excusable neglect.")

17     In making extension decisions under the court's discretionary powers, a court may

18 consider the excusable neglect factors as stated above, including "a statute of limitations bar,

19 prejudice to the defendant, actual notice of a lawsuit, and eventual service." Efaw, 473 F.3d

20 at 1041. Nevertheless, "what sorts of neglect will be considered 'excusable' . . . is at bottom

21 an equitable one, taking account of all relevant circumstances surrounding the party's

22 omission. Trueman, 2011 WL 6721327, at *6 (quoting Pioneer Inv. Servs. Co. v. Brunswick

23 Assoc. Ltd., 507 U.S. 380, 395 (1993)).

## DISCUSSION

24

25 **I.    The Report and Recommendation**

26     **A.    *Dismissal of Defendant Payne***

27     In his Motion to Dismiss Defendant Payne and Waive Service of Defendant Musson

28 or Order his Current Location, Plaintiff requests the Court to dismiss Defendant Payne from

the case. (Doc. 52 at 1.) Pursuant to Plaintiff's request, the magistrate judge recommends this Court to dismiss Defendant Payne without prejudice. (Doc. 61 at 3.) While Plaintiff did file Objections to the magistrate judge's Report and Recommendation, he did not object to dismissal of Defendant Payne. (Doc. 62.)

Failure to object to a magistrate judge's recommendation relieves the Court of conducting *de novo* review of the magistrate judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Therefore, the Court incorporates and adopts the magistrate judge's Report and Recommendation with respect to Defendant Payne and concludes that Defendant Payne should be dismissed without prejudice.

### B. *Dismissal of Defendant Musson*

On September 26, 2013, service to Defendant Musson returned unexecuted. (Doc. 41.) Thereafter, Plaintiff could have taken steps to ascertain Defendant Musson's address, such as, writing letters to the concerned department to get Defendant Musson's address. Instead, Plaintiff requested the Court's assistance in locating Defendant Musson. (Doc. 42.) When the Court denied Plaintiff's requests (Doc. 51) Plaintiff still did not make any effort to procure Defendant Musson's address. Rather, he filed a motion requesting the Court to order Defendants counsel to accept or waive service on behalf of Defendant Musson, or otherwise order the Defendants to provide Defendant Musson's current address. (Doc. 52.) On February 24, 2014, the magistrate judge issued a Report and Recommendation denying Plaintiff's requests and recommending this Court to dismiss Defendant Musson for failure to serve. (Doc. 61.) On February 28, 2014, Plaintiff began writing letters to various authorities asking for Defendant Musson's address, and he received a response to his March 10, 2014 letter stating that Defendant Musson is back from military leave. (Doc. 64.) Plaintiff could have started writing letters five months earlier when Defendant Musson's service returned unexecuted and he learned that additional steps were needed to effect service; however, he waited until the magistrate's Report and Recommendation was issued.

On March 10, 2013, Plaintiff filed his objections to the Report and Recommendation

1  stating that the recommendation that Defendant Musson be dismissed should be rejected and
2  also requesting the Court to extend the discovery deadlines. (Doc. 62.) In his objections,
3  Plaintiff alleges that Defendant Stacey Crabtree, as a retaliation tactic, transferred Plaintiff
4  several times from one prison to another which resulted in loss of his case files. Since he was
5  transferred so many times and he did not have access to the evidence, Plaintiff claims that
6  he was unable to serve discovery requests. Plaintiff also states that he complied with the
7  requisite grievance process for recovery of his lost property but the grievance process was
8  time consuming, and it took him sometime to retrieve his documents. Plaintiff further claims
9  that he is suffering from mental illness and his condition should be considered good cause.
10 In view of all these factors, Plaintiff asserts that good cause exists for additional service time;
11 therefore, the recommendation that Defendant Musson be dismissed should be rejected and
12 discovery deadlines should be extended. Plaintiff is "confident" that if the Court resets
13 discovery deadlines he will be able to serve Defendant Musson. (Doc. 62 at 9.)

14      Even assuming Plaintiff's claims are true, these good cause factors are in relation to
15 the discovery process. The facts are indicative of Plaintiff's diligence in conducting
16 discovery. But, they do not reflect upon Plaintiff's diligence in attempting to execute service
17 on Defendant Musson. Although Plaintiff claims that he was transferred several times and
18 that he lost his case files, he does not suggest that any of those conditions made him
19 incapable of writing letters to the officials or otherwise reaching out to the officials regarding
20 Defendant Musson's whereabouts. In fact, Plaintiff admits that he used the grievance process
21 to recover his lost documents which suggests that he was not disallowed from addressing his
22 grievances and reaching out to the prison officials.

23      In addition to the objections, Plaintiff subsequently filed a Motion for Extension of
24 Time to Serve Defendant Musson on the ground that Defendant Musson has returned from
25 military leave. (Doc. 64.) In support of this Motion, Plaintiff provides the response he
26 received to the letters he started sending on February 28, 2014 which suggest that Defendant
27 Musson is back from military leave. (Doc. 64 at 8.) This evidence was not before the
28 magistrate judge at the time the Report and Recommendation was issued. In view of

1    Plaintiff's objection to Defendant Musson's dismissal (Doc. 62) and Plaintiff's new evidence
2    (Doc. 64), this Court reviews *de novo* the magistrate's recommendation to dismiss Defendant
3    Musson pursuant to Rule 4(m).

4         Since excusable neglect is the benchmark for both mandatory and discretionary
5    extension of time, the two standards are often conflated. <u>Vertin</u>, 2013 WL 1932810, at *2;
6    <u>see also</u> <u>Trueman</u>, 2011 WL 6721327, at *3. In the interest of simplicity and clarity of
7    analysis, the Court will first analyze whether excusable neglect exists. If so, then the Court
8    will determine whether Plaintiff has demonstrated any facts to raise the excusable neglect to
9    the level of good cause. If excusable neglect rises to the level of good cause, a mandatory
10   extension of time must be granted. However, if Plaintiff fails to establish good cause, the
11   Court will then analyze whether additional time for service may be granted under its
12   discretionary power. Ultimately, the question is whether the facts taken together with the new
13   evidence amount to excusable neglect.

14        First, it is undisputed that Defendant Musson has not personally received notice of this
15   lawsuit because he has not been served. Therefore, the actual notice factor does not support
16   a finding of excusable neglect. Second, if Defendant Musson were served today, he would
17   be somewhat prejudiced because of the passage of several years since the case was initiated.
18   The other Defendants would be more prejudiced considering that the case has been pending
19   for well over two years and extending the timeline for service will only add more delay and
20   expense before reaching the merits of Plaintiff's claims. Moreover, even assuming time for
21   service is enlarged again it is uncertain whether Plaintiff will be able to effect service on
22   Defendant Musson.

23        Plaintiff's new evidence is an unsigned document that states that Defendant Musson
24   has returned from military leave and "has returned to his job at Eyman." (Doc. 64 at 8.) The
25   credibility and veracity of this evidence is questionable. Not only is it unclear as to who has
26   provided this information to Plaintiff and what his/her authority is, but it is also unclear
27   whether the information is correct. An indefinite extension of time for potential service based
28   on unsubstantiated, if not dubious, evidence will exacerbate the prejudice to Defendant

1    Musson and the other Defendants. This factor therefore, weighs against a finding of

2    excusable neglect, particularly because Defendant Musson may well not be served.

3          In addition, granting an extension would mean the Court would have to reset the case

4    schedule and discovery deadlines. This would mean resetting the entire pretrial stage of the

5    case. While the length of delay is not extraordinary, granting Plaintiff's request will

6    indefinitely delay these already protracted proceedings as it is uncertain whether an extension

7    would result in service. Accordingly, this factor also weighs against a finding of excusable

8    neglect.

9          The next factor, reason for delay, also weighs against a finding of excusable neglect.

10   Plaintiff has done nothing to effect service since it was last returned unexecuted on

11   September 26, 2013. The magistrate judge rejected Plaintiff's Motion requesting the Court's

12   assistance to locate Defendant Musson on November 25, 2013. Despite actual knowledge

13   that Defendant Musson had not been served, Plaintiff waited 5 months, until the magistrate's

14   Report and Recommendation was issued, before he began investigating Defendant Musson's

15   whereabouts. Plaintiff could have written letters to the correction officers before the Report

16   and Recommendation was issued, but he failed to do so. Plaintiff made no discernable effort

17   to ascertain Defendant Musson's address until the magistrate judge issued the Report and

18   Recommendation on February 24, 2014, and offers no explanation for his failure. (Doc. 64

19   at 5-8.) No where does Plaintiff provide any evidence or explanation as to why he failed to

20   take any steps required to serve Defendant Musson. The new evidence is in fact proof that

21   Plaintiff could have attempted to gather information about Defendant Musson earlier, but he

22   waited 5 months to make any effort.

23         Plaintiff in his objections to the Report and Recommendation does raise facts, but

24   facts that are related to discovery. There is no evidence that Defendant Musson attempted to

25   evade service or that he took any action that contributed to Plaintiff's delay. Even assuming

26   Plaintiff genuinely suffers from mental illness and his allegations regarding his lost files and

27   his consecutive transfers are true, those conditions did not keep Plaintiff from writing letters

28   and otherwise investigating Defendant Musson's whereabouts. Since Plaintiff could have

1   been more diligent in pursuing Defendant Musson's whereabouts, <u>see</u> <u>Trueman</u>, 2011 WL

2   6721327, at *7, this factor weighs heavily against a finding of excusable neglect, regardless

3   of whether Defendant Musson has actually returned from his military leave.

4           Next, while there is no evidence to suggest that Plaintiff acted in bad faith, there is

5   also no evidence that he acted in good faith or was otherwise reasonably diligent. Therefore,

6   the fourth factor is neutral. However, dismissing Defendant Musson would prejudice Plaintiff

7   because the statute of limitations would bar his section 1983 claim against Defendant

8   Musson. In a section 1983 action the applicable statute of limitations "is the personal injury

9   statute of limitations of the state in which the cause of action arose." <u>Alamed Books, Inc. v.</u>

10  <u>City of Los Angeles</u>, 631 F.3d 1031, 1041 (9th Cir. 2011). Arizona has a two year statute of

11  limitations for personal injury claims. <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 974

12  (9th Cir. 2004). Plaintiff's section 1983 claim arose before November 28, 2011. Therefore,

13  dismissal of Defendant Musson for failure to serve would prevent Plaintiff from re-filing an

14  action against him and such an inability to re-file constitutes prejudice to Plaintiff. <u>See, e.g.</u>,

15  <u>U.S. v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.</u>, 366

16  F.3d 767, 773 (9th Cir. 2004) (holding that running of statute of limitations is a factor

17  supporting discretionary grant of Rule 4(m) extension); <u>Trueman</u>, 2011 WL 6721327, at *4;

18  <u>Lemonge</u>, 587 F.3d at 1198. Consequently, although a dismissal for untimely service is

19  without prejudice, it is essentially with prejudice in this case. <u>See</u> <u>Trueman</u>, 2011 WL

20  6721327 at *8; <u>see also</u> <u>Carrillo v. Internal Revenue Service</u>, No. CIV 05-1022-PHX-RCB,

21  2006 WL 167558, at *4 (D. Ariz. Jan. 24, 2006).

22          Plaintiff's prejudice is softened by the fact that Plaintiff's claims survive and remain

23  viable against the other Defendants. Therefore, dismissing Defendant Musson would only

24  prevent Plaintiff from recovering against one Defendant. This factor nevertheless weighs

25  heavily in favor of finding excusable neglect but is somewhat balanced against prejudice to

26  Defendant Musson and other Defendants. If Plaintiff did not want Defendant Musson to be

27  dismissed, he should have taken action beyond asking the Court for help in the 5 months

28  between the return of the unexecuted service and the magistrate's Report and

Recommendation.

Three of the aforementioned factors weigh against Plaintiff, two factors are mostly offset, and one factor is neutral. Thus, the Court finds that the balance tips against a finding of excusable neglect. Considering the length of delay; Plaintiff's lack of explanation for his failure to serve; and the roughly comparable prejudice to Defendants and Plaintiff, the Court concludes that Plaintiff's failure to serve Defendant Musson does not constitute excusable neglect. Since Plaintiff has failed to establish excusable neglect, the Court shall not proceed to analyze whether good cause exists. Therefore, Plaintiff is not entitled to mandatory relief.

The Court also declines to exercise discretion because Plaintiff took no action to try to locate Defendant Musson for 5 months until the Report and Recommendation was issued, despite knowing that Defendant Musson has not been served. Had Plaintiff written letters or otherwise tried to take steps to ascertain Defendant Musson's address prior to the magistrate's recommendation, the balance may have tipped in favor of Plaintiff. However, since Plaintiff did not act diligently and offers no reasons for his laxity, the Court concludes that Plaintiff should not be granted additional time to serve Defendant Musson.

Accordingly,

**IT IS HEREBY ORDERED** adopting the Report and  Recommendation of the Magistrate Judge (Doc. 61) regarding Defendant Payne's dismissal.

**IT IS FURTHER ORDERED dismissing without prejudice** Defendant Payne.

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Extension of Time - for 30 Day Extension to Serve Defendant Who Has Returned From Military Leave (Doc. 64) on the grounds that Plaintiff has failed to show good cause or excusable neglect.

**IT IS FURTHER ORDERED dismissing without prejudice** Defendant Musson because Plaintiff failed to effect service within the time limits of Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that the Clerk of Court shall furnish a copy of this Order to Magistrate Judge Metcalf.

DATED this 11th day of July, 2014.



Stephen M. McNamee
Senior United States District Judge